ICJPCENA

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

            v.                          18 CR 911 (JPO)

CENTRAL STATES CAPITAL
MARKETS,

            Defendant.
------------------------------x
                                        New York, N.Y.
                                        December 19, 2018
                                        3:40 p.m.

Before:

                    HON. J. PAUL OETKEN,

                                        District Judge


                         APPEARANCES

GEOFFREY S. BERMAN,
     United States Attorney for the
     Southern District of New York
ALEXANDER WILSON
     Assistant United States Attorney

DOUGLAS R. JENSEN
     Attorney for Defendant


ALSO PRESENT:   DANIEL STEPPE, Defendant representative
```

1           (In open court)

2           (Case called)

3           MR. WILSON:  Afternoon, your Honor.  Alexander Wilson
4  for the government.

5           THE COURT:  Good afternoon.

6           MR. JENSEN:  Good afternoon, your Honor.  Doug Jensen
7  for Central States Capital Markets.  Thank you for squeezing us
8  in this afternoon.

9           THE COURT:  Sure.  Thank you.  This is a new matter,
10 and I'm the judge who's been assigned to this matter.  My
11 understanding is that it's a deferred prosecution agreement
12 involving Central States Capital Markets, LLC, and we're here
13 to do an initial appearance, waiver of indictment and
14 arraignment of Central States Capital Markets with a
15 representative; is that correct?

16          MR. WILSON:  That's correct, your Honor.

17          THE COURT:  Okay.  And who is here as the
18 representative for Central States Capital Markets?

19          MR. JENSEN:  Daniel Steppe, the CEO of Central States.

20          THE COURT:  Okay.  Thank you.  And the deferred
21 prosecution was signed on December 10th?

22          MR. JENSEN:  That's correct, your Honor.

23          MR. WILSON:  Yes, your Honor.

24          THE COURT:  Okay.  And, Mr. Steppe, who signed the
25 deferred prosecution on behalf of the defendant?

1           MR. STEPPE:  I did, your Honor.
2           THE COURT:  All right.  Exhibit A is a resolution of
3    the managing directors of Central States Capital Markets
4    approving the execution of the deferred prosecution agreement.
5    Is this a true and correct copy of a resolution duly adopted by
6    the managing directors of Central States Capital Markets?
7           MR. STEPPE:  It is, sir.
8           THE COURT:  Does the deferred prosecution agreement
9    contain all the terms and understandings between the parties in
10   the case?
11          MR. STEPPE:  Yes.
12          THE COURT:  Have you received a copy of the
13   information with the charge against the company?
14          MR. STEPPE:  I have, sir.
15          THE COURT:  And do you understand, on behalf of
16   Central States Capital Markets, or CSCM, that this information
17   charges CSCM with one felony count?
18          MR. STEPPE:  I do.
19          THE COURT:  And Count One of the information charges
20   CSCM with willful failure to file a suspicious activity report
21   in violation of the Bank Secrecy Act.  Is that your
22   understanding?
23          MR. STEPPE:  It is.
24          THE COURT:  And do you understand, on behalf of CSCM,
25   that the company has a right to have those charges presented to

1  a grand jury, which would have to find a probable cause in
2  order to issue an indictment?
3     MR. STEPPE:  Yes, sir.
4     THE COURT:  And do you understand that the company's
5  under no obligation to waive its right to have the case
6  presented to a grand jury, which might or might not return an
7  indictment?
8     MR. STEPPE:  Yes, sir.
9     THE COURT:  Do you understand that if CSCM does not
10 waive its right to have a case presented to a grand jury, then
11 in order to prosecute the company, the government would have to
12 present its case to the grand jury?
13    MR. STEPPE:  Yes, sir.
14    THE COURT:  And am I correct that CSCM, after being
15 advised by counsel, has determined that it is in the firm's
16 best interest to waive indictment and proceed by information?
17    MR. STEPPE:  It is, your Honor.
18    THE COURT:  And am I correct that the company has
19 waived its right to indictment in a written waiver of
20 indictment dated today, December 19th?
21    MR. STEPPE:  That is correct.
22    THE COURT:  And did you sign that?
23    MR. STEPPE:  I did.
24    THE COURT:  Okay.  I find the company has knowingly
25 and voluntarily waived its right to have its case presented to

1     the grand jury, and I direct the filing of the information.

2              Now, this is the arraignment of our part of the

3     matter.  It's fairly straightforward.  As I said earlier, Count

4     One of the information charges CSCM with willful failure to

5     file a suspicious activity report, in violation of the Bank

6     Secrecy Act, under Title 31, United States Code, Sections 5318

7     and 5322, and Title 31, Code of Federal Regulations, section

8     1023.320.

9              Does CSCM waive public reading of the information at

10    this time?

11             MR. STEPPE:  Yes, sir.

12             THE COURT:  And has CSCM reviewed the information with

13    counsel?

14             MR. STEPPE:  Yes, sir.

15             THE COURT:  And does CSCM understand the nature of the

16    charge in this case?

17             MR. STEPPE:  Yes, sir.

18             THE COURT:  And shall I enter a plea of not guilty on

19    behalf of CSCM?

20             MR. STEPPE:  I will as well, sir.

21             THE COURT:  Okay.  Thank you.  You may be seated.

22             MR. JENSEN:  Thank you, Judge.

23             THE COURT:  Is there anything else we need to cover,

24    or do you have an application for exclusion of time under the

25    Speedy Trial Act?

1  MR. WILSON: Only the application for the exclusion of
2  time, your Honor. The government will move that time be
3  excluded for Speedy Trial Act purposes pursuant to 18, United
4  States Code, Section 3161(h)(2), for the purpose of allowing
5  the defendant to demonstrate his good conduct for the next two
6  years, until December 19th, 2020.
7  THE COURT: So it's two years from today?
8  MR. WILSON: Two years from today, yes, your Honor.
9  THE COURT: Okay. Pursuant to 18, U.S.C. section
10  3161(h)(2) and the defendant's waiver of -- Let me just confirm
11  that the defendant waives speedy trial, right?
12  MR. JENSEN: Correct, your Honor.
13  THE COURT: Pursuant to that section, and the
14  defendant's waiver of speedy trial rights in the deferred
15  prosecution agreement and as stated here, the time under the
16  Speedy Trial Act is hereby excluded from today's date through
17  December 19th, 2020, under that statute.
18  And is there anything further?
19  MR. WILSON: Nothing else, your Honor. Thank you very
20  much.
21  THE COURT: Anything else for defendant?
22  MR. JENSEN: No, your Honor. Thank you.
23  THE COURT: Okay. Thank you very much.
24  MR. STEPPE: Thank you for your time, sir.
25  THE COURT: Thank you. We're adjourned.
            (Adjourned)

ICJPCENA

	I hereby certify that the foregoing is a true and accurate transcript, to the best of my skill and ability, from my stenographic notes.

_____
	Official Court Reporter
	U.S. District Court